**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**
**Judge Regina M. Rodriguez**

Civil Action No. 25-mc-00128-RMR

In Re Application of
IGOR RAYKHELSON,

For An Order to Conduct Discovery for
Use in Foreign Proceedings

---

ORDER

---

Igor Raykhelson ("Mr. Raykhelson" or "Applicant") is involved in criminal proceedings in Russia. ECF No. 1 at 1. Mr. Raykhelson identified VSMPO-Tirus ("Respondent" or "Tirus") as a party that may have information that could assist him in defending himself in the criminal proceeding in Russia. *Id*. A dispute arose amongst the parties as to what may be included in Mr. Raykhelson's Reply. ECF No. 20.

## I.    BACKGROUND

Mr. Raykhelson submitted an application (the "Application") with this Court pursuant to 28 U.S.C. § 1782 to seek documentary evidence from Tirus. ECF No. 1. Tirus submitted a Response (the "Response") in opposition to Mr. Raykhelson's application, ECF No. 9, and Mr. Raykhelson filed a Reply (the "Reply"), ECF No. 15. Now, before this Court is Respondent's Motion for Leave to File a Sur-Reply (the "Motion"), ECF No. 20, and Mr. Raykhelson's Response at ECF No. 21.

1

The criminal proceedings in Russia assert that Mr. Raykhelson was involved in a conspiracy to inflate the price of titanium products sold to VSMPO-AVISMA Corporation PJSC ("VSMPO") between 2016 and 2020. ECF No. 20 at 2. VSMPO is a Russian producer of titanium materials. *Id*. Tirus is a Colorado-based wholly-owned subsidiary of VSMPO. ECF No 9 at 2.

## II.    LEGAL STANDARD

This Court has Federal Question Jurisdiction over the present controversy pursuant to 28 U.S.C. § 1331. The District of Colorado's Local Civil Rules do not address sur-replies. *See* D.C.COLO.LCivR. 7.1(d); *see also  Ctr. for Biological Diversity v. Swift Beef Co.,* No. 19-CV-01464-NYW, 2020 WL 2914868, at *7 (D. Colo. June 2, 2020) ("Neither the Federal Rules of Civil Procedure nor this District's Local Rules of Civil Practice allow for sur-replies as a matter of right."). Courts in the District of Colorado generally disfavor sur-replies and, "consequently, permit them only in exceptional circumstances—*e.g.*, when a reply brief raises new legal issues or relies on new facts." *Well Master Corp. v. Flowco Prod. Sols., LLC,* No. 21-CV-02145-CMA-KAS, 2023 WL 6808140, at *1 (D. Colo. Oct. 16, 2023). A District Court's decision to deny a party an opportunity to file a sur-reply is reviewed on an abuse of discretion standard. *Green v. New Mexico,* 420 F.3d 1189, 1196 (10th Cir. 2005).

### III.    ANALYSIS

We now turn to Respondent's arguments in the Motion. Tirus seeks leave to file a Sur-Reply on two grounds: (1) Tirus alleges that Mr. Raykhelson included new arguments in his Reply, and (2) Tirus contends that Mr. Raykhelson's Reply relied upon evidence that was not included in the original Application. ECF No. 20 at 2.

Tirus identifies two allegedly new arguments in Mr. Raykhelson's Reply. *Id.* at 2-3. First, an "economic argument about intercompany accounting manipulation," and second, arguments related to foreign discoverability and exhaustion under 28 U.S.C. § 1782. *Id.* Mr. Raykhelson asserts that these arguments are not new and merely respond to arguments and allegations made by Tirus in the Response. ECF No. 21 at 2. Upon a detailed review of all relevant briefing, this Court agrees with Mr. Raykhelson that the arguments identified by Tirus simply respond to arguments in the Response and do not warrant a Sur-Reply. *See Long v. Blue Shield of California,* No. 24-CV-03352-PAB-CYC, 2025 WL 1397581, at *3 (D. Colo. May 14, 2025), *report and recommendation adopted*, 2025 WL 2093287 (D. Colo. May 30, 2025) ("Merely responding to arguments and pointing out defects in those arguments in a reply does not constitute new material."); *see also Gates Corp. v. Dorman Prods., Inc.,* No. CIVA09CV02058CMA-KLM, 2009 WL 4675099, at *2 (D. Colo. Dec. 7, 2009) (quoting *Novosteel SA v. U.S., Bethlehem Steel Corp.,* 284 F.3d 1261, 1274 (Fed. Cir. 2002) ("Reply briefs *reply* to arguments made in

the response brief"). Thus, Respondent's Motion is denied as it relates to the allegedly new arguments in Mr. Raykhelson's Reply.

As to the allegedly new evidence, Tirus points to ECF Nos. 17 and 19. ECF No. 17 is a declaration from Mr. Raykhelson and two exhibits showing example photos of the alloy material at issue. ECF No. 19 is a letter to the Court providing a status update on the criminal proceeding in Russia. Neither ECF No. 17 nor ECF No. 19 were attached to the Reply, ECF No. 15, as exhibits. Mr. Raykhelson does not refute that even though ECF Nos. 17 and 19 were filed separately, they were intended as support for his Reply. See ECF No. 21. Therefore, this Court will interpret ECF Nos. 17 and 19 as support for Mr. Raykhelson's Reply. Thus, since this evidence is new and was not included in the original Application, Tirus should have the opportunity to respond to it. *See Beaird v. Seagate Tech., Inc.,* 145 F.3d 1159, 1164 (10th Cir. 1998) (held that when a moving party advances new evidence in a reply, the nonmoving party should be granted an opportunity to respond). Therefore, Respondent's Motion is granted as it relates to the new evidence Mr. Raykhelson filed in ECF Nos. 17 and 19. Since the filing of Respondent's Motion, Mr. Raykhelson filed another status update letter without leave of this Court at ECF No. 22. Tirus is granted leave to file a Sur-Reply to exclusively address the new evidence contained in ECF Nos. 17, 19, and 22. In the Sur-Reply, Tirus may not address any other arguments or theories included in Mr. Raykhelson's Reply.

## IV. CONCLUSION

For the reasons set forth herein, it is ORDERED as follows:

1)  Respondent's Motion for Leave to File a Sur-Reply, ECF No. 20, is GRANTED

    in PART and DENIED in PART, as outlined in this Order.

DATED: July 27, 2026

BY THE COURT:

REGINA M. RODRIGUEZ
United States District Judge